### L. S. Board, et al., *v.* Silas L. Moreman.

**Sale of Real Estate in Bulk or by the Acre.**

In determining whether a sale of real estate is by the acre or in bulk by boundaries the intention of the parties must be determined from all the facts and circumstances proven in the case; but when the consideration named is an uneven number of dollars, and after it is discovered that there is more land than the parties thought, the vendee executes his notes for such excess, these facts tend to show that the sale was by the acre and not in bulk.

**Deed as Evidence.**

A deed is admissible in evidence even though it was not lodged for record, and not recorded until twenty years after being acknowledged.  It is operative from the date of record without reference to the date of acknowledgment.

### APPEAL FROM HARDIN CIRCUIT COURT.

March 30, 1880.

Opinion by Judge Hines :

A determination of the question whether the two notes of $424.87½ each, executed for the supposed excess, are without consideration does not necessarily affect the judgment of the court below.   The question preceding that is whether the parties are presumed to have contemplated and intended a sale in gross or per acre. If the evidence shows a sale by boundary, without reference to the number of acres, it may be conceded that the excess of 35 acres is not in itself sufficient to authorize a recovery beyond the amount stipulated in the title bond, and yet the judgment may not be prejudicial to appellants nor in any sense in contravention of their contract.   We are at last forced to a determination of the intention of the parties to the contract to be arrived at by all the facts and circumstances proven in the case.

That the parties did not contemplate an excess or deficiency of 35 acres is, we think, made manifest by the evidence.   The title bond

was for 449 acres, more or less, for the consideration of $7,630. If
it had been a sale in bulk it is reasonable to suppose that the con-
sideration would have been expressed in round numbers instead of
the fraction of one hundred dollars. This supposition is strengthened
by the fact of the execution of the notes for the supposed excess of
50 acres, and by the anxiety of the parties to have the land surveyed,
notwithstanding the fact that he claims that his only object was to
locate the lines and courses of the survey. There is no sufficient
evidence that any fraud was practiced on Skillman, by Bush or the
appellants, to induce him to execute the notes for the 50 acres ex-
cess that was represented to exist; nor is it material that the notes
were executed for a greater excess than in fact existed. There is
every reason to believe that these representations were honestly
made; and if they were not, the fact that one of Skillman's business
capacity in fact executed the notes is strong evidence that the orig-
inal contract of sale was by the acre.

Nor is it material that the court below rendered judgment on one
of the notes for the excess and scaled the other, for the result would
have been the same if a judgment for the excess had been rendered
without reference to the notes. They were used and referred to
as a convenient method of expressing the amount to which appellee
was entitled by reason of the sale having been per acre.

The objection that the petition does not state a good cause of
action because it does not allege readiness, willingness and ability
of appellee to convey a good title, accompanied by a tender of a
conveyance, is not well taken. No demurrer was interposed to the
petition, but on the contrary the answer denied that appellee had a
good and sufficient title, thus tendering an issue that might have
been avoided by proper proceedings before filing of the answer.
The demurrer to the answer, which was overruled, does not enable
us to review the petition because it is not insisted upon as reaching
back to the petition. The failure of the court to apply appellants'
demurrer to the petition and answer, tenders a substantial issue that
might have been avoided by a motion to make the petition more
specific, but a failure to do this and not insisting upon the demurrer
as reaching back to the petition and going to trial upon the question
of title amounts to a waiver of the defect in the petition.

The evidence of title, we think, is sufficient to entitle appellee to
recover. The contract did not require a conveyance until the pay-
ment of the purchase money, while the evidence shows possession

by legal title and an adverse holding by appellee and his vendors for a period of from thirty-five to fifty years, without any pretense of claim on the part of anyone else to any portion of the land. Under these circumstances there appears no reason why appellants should not comply with their portion of the contract.

Whether Skillman had authority to sign the notes for the surplus is immaterial, as we have already said. Whether they are binding or not, they may be taken as the measure of recovery; and whether Skillman had authority to sign the name of Board is immaterial, as the judgment for the excess is against Skillman alone, who is certainly bound without reference to the question of authority from Board.

We see no reason why the deed is not good for the number of acres for which the court adjudges appellants must pay. It is immaterial that it purports to convey a greater number of acres than has been determined to be in the boundary sold, and that the consideration is different from that expressed in the title bond. No matter what consideration may be expressed in the deed, appellant is required to pay only such sums as the court has determined he is liable for under his contract of purchase.

The objection to the deed "C" being considered in evidence because not lodged for record and not recorded until some twenty years after it was acknowledged is not well taken. It is operative from the date of record without reference to the date of acknowledgement.

The deed of Wood, commissioner, is sufficient to convey title, notwithstanding it has not been recorded in the county clerk's office. The acknowledgement before the judge of the circuit court and his approval, with the certificate of the clerk to the proper office for record, transferred title. The deed should have been recorded, but it may yet be done so as to make it operative. Appellant may himself cause it to be recorded, and the court should have required it done, but the failure of the court to do so is not sufficient in itself to authorize a reversal.

The fourth exception to the reading of the deeds is too general to require notice. Neither the exception nor the brief of counsel points out any specific objection to them.

Judgment *affirmed*.

*W. H. Chelf, for appellants.   R. L. Stith, for appellee.*